Brendan J. O'Rourke (BO-2351)
Adam D. Siegartel (AS-6947)
Alexander Kaplan (AK-4207)
Patrick J. Dempsey (PD-8372)
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
(212) 969-3000
Fax: (212) 969-3671
email: borourke@proskauer.com



Sweet, J

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/2/10

*Attorneys for Plaintiff Major League Baseball Properties, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAJOR LEAGUE BASEBALL, PROPERTIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UPPER DECK COMPANY, LLC<br><br>Defendant. | Civil Action 10-CV-732-RWS<br>ECF Case<br><br>**ORDER TO SHOW CAUSE** |

Upon the accompanying Declaration of Brendan J. O'Rourke, and upon the pleadings and other papers herein, including the accompanying Declaration of Howard Smith and the Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery, all submitted herewith by plaintiff Major League Baseball Properties, Inc. ("Plaintiff"), and, after notice to defendant The Upper Deck Company, LLC ("Defendant"), good and sufficient cause having been shown,

IT IS HEREBY ORDERED, that Defendant show cause before this Court on February February 3, 2010, at noon, in Room 18C or as soon thereafter as counsel can be heard, why a TEMPORARY RESTRAINING ORDER should not be issued pursuant to Rule 65(b) of the Federal Rules of

Civil Procedure granting the following relief pending a preliminary hearing or a combined preliminary injunction hearing and a trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2):

    a.    enjoining and restraining Defendant and all those acting in concert or participation with it (including, but not limited to, its officers, directors, agents, servants, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns, distributors and retailers) from manufacturing, distributing, shipping, advertising, marketing, promoting, selling or otherwise using the MLB Marks, including without limitation the MLB Uniform Trade Dress and MLB Cap and Helmet Logos, and any other marks confusingly similar to the foregoing marks, on any unauthorized product, including the (i) 2009 Signature Stars Series, (ii) Ultimate Collection 2009 Series, and (iii) Series I 2010 sets of trading cards;

    b.    requiring Defendant and all those acting in concert or participation with them to immediately recall from all channels of distribution all quantities of the unauthorized (i) 2009 Signature Stars Series, (ii) Ultimate Collection 2009 Series, (iii) Series I 2010 sets of trading cards, and (iv) any other unauthorized product or advertising or promotional materials bearing the MLB Marks, including without limitation the MLB Uniform Trade Dress and MLB Cap and Helmet Logos.

    c.    requiring Defendant and all those acting in concert or participation with them to deliver up for destruction or other disposition, at Plaintiff's sole discretion, all unauthorized merchandise, signs, point of purchase displays and materials, boxes, packaging, wrappings, catalogs, decals, flyers, brochures, or other goods or printed matter or advertising or promotional materials bearing the MLB Marks, including without limitation the MLB Uniform Trade Dress and MLB Cap and Helmet Logos, any other

marks confusingly similar to the foregoing marks, including the unauthorized (i) 2009 Signature Stars Series, (ii) Ultimate Collection 2009 Series, and (iii) Series I 2010 sets of trading cards

   d.   requiring Defendant to file with the Court and serve upon Plaintiff's counsel within two (2) weeks after entry of such temporary restraining order a report, in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the requirements of the temporary restraining order;

   e.   requiring Defendant to comply with any order awarding other and further relief as this Court shall deem just and proper; and

   f.   requiring Plaintiff to post security in an amount to be determined on or before _____, 2010.

IT IS FURTHER ORDERED that Plaintiff shall be entitled to serve requests for the production of documents directed to the issues covered by the temporary restraining order and preliminary injunction on Defendant's counsel and Defendant shall deliver by hand to Plaintiff's counsel responses and documents in five business days; and

IT IS FURTHER ORDERED that Plaintiff shall be entitled to take depositions of Defendant, commencing immediately, directed to the issues covered by the temporary restraining order and preliminary injunction upon five day's notice; and

IT IS FURTHER ORDERED that the briefing schedule and hearing for Plaintiff's proposed motion for preliminary injunction shall be set as follows:

   a.   Defendant's response, if any, will be served by overnight delivery, facsimile, or e-mail on counsel for Plaintiff on or before _____, 2010;

3

  b.  Plaintiff's reply, if any, will be served by overnight delivery, facsimile, or e-mail on counsel for Defendant on or before _____, 2010; and

  c.  The hearing on Plaintiff's proposed motion for preliminary injunction shall be scheduled for _____, 2010 at _____.

Dated: New York, New York
   February \_\_, 2010

               _____
               United States District Judge