UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAJOR LEAGUE BASEBALL : Case No. 1:10-cv-732 (RWS)
PROPERTIES, INC. : ECF Case
:
             Plaintiff, :
   v. :
:
THE UPPER DECK COMPANY, LLC, :
:
             Defendant. :

---

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE PRELIMINARY INJUNCTION HEARING WITH FULL TRIAL ON THE MERITS PURSUANT TO FED. R. CIV. P. 65(a)(2)

Brendan J. O'Rourke (BO-2351)
Adam D. Siegartel (AS-6947)
Alexander Kaplan (AK-4207)
Patrick J. Dempsey (PD-8372)
Of Counsel

February 8, 2010

PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
(212) 969-3000
*Attorneys for Plaintiff*

Plaintiff Major League Baseball Properties, Inc. ("MLBP") respectfully submits this memorandum of law in support of its motion to consolidate the preliminary injunction hearing in this matter with the full trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2), and for that consolidated hearing to begin on April 19, 2010. Such consolidation is warranted in the interests of judicial economy and will not prejudice either party, as both parties will have adequate time and notice to prepare their respective cases in advance of an April 19 consolidated hearing.

## STATEMENT OF FACTS

On February 1, 2010, MLBP filed this action and a motion for a temporary restraining order. *See* February 8, 2010 Declaration of Brendan J. O'Rourke (the "O'Rourke Decl."), ¶ 3. On Wednesday, February 3, the Court set a hearing for February 10 on MLBP's motion for a preliminary injunction. *Id.* at ¶ 4. On Thursday, February 4, counsel for MLBP and Defendant The Upper Deck Company, LLC ("Upper Deck") engaged in discussions concerning the most efficient means to litigate the claims in this action and discussed the possibility of combining the preliminary injunction with a full trial on the merits in an expedited final trial under Fed. R. Civ. P. 65(a)(2). *Id.* at ¶ 5. The parties estimate that one week will be needed for that consolidated preliminary injunction hearing and full trial. *Id.*

The parties requested a scheduling conference with the Court and appeared before the Court on February 5. *Id.* at ¶ 6. At the scheduling conference, the Court offered three potential scenarios for the format and schedule under which this matter could proceed: (1) a preliminary injunction hearing commencing on February 10 or 11, 2010; (2) a preliminary injunction hearing commencing on March 17, 2010; or (3) a consolidated preliminary injunction hearing and full trial on the merits commencing on April 19, 2010. *Id.* At the conclusion of the February 5 conference, the parties were able to agree to the Court's proposal for a consolidated preliminary injunction hearing and full trial on the merits commencing on April 19, 2010. *Id.* at ¶ 7. The parties also

agreed that (a) if the consolidated trial commences on April 19, 2010, MLBP will not add as additional defendants in this action any of Upper Deck's distributors that are neither owned nor controlled by (i) Upper Deck, or (ii) any individual or entity that owns or controls Upper Deck; and (b) Upper Deck will not release its "Series 2 2010" set of baseball trading cards until, at least, the conclusion of the trial scheduled to commence on April 19, 2010. *Id.* at ¶ 8.[1]

## ARGUMENT

Rule 65(a)(2) of the Federal Rules of Civil Procedure states that "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." This Court has "'broad discretion' to order consolidation," and "[a]ll that is required is that the Court 'give the parties notice of such consolidation to give them an adequate opportunity to present their case.'" *See MasterCard Int'l Inc. v. Fed'n Internationale de Football Assoc.*, 464 F. Supp. 2d 246, 299 (S.D.N.Y. 2006) (quoting *Abraham Zion Corp. v. Lebow*, 761 F.2d 93, 101 (2d Cir. 1985)). In light of the "broad discretion" afforded the Court, an "order of consolidation will not be overturned on appeal absent a showing of substantial prejudice in the sense that a party was not allowed to present material evidence." *See Abraham Zion*, 761 F.2d at 101 (affirming consolidation order); *see also D.L. Cromwell Invs., Inc. v. NASD Regulation, Inc.*, 279 F.3d 155, 160 (2d Cir. 2002) ("To show prejudice, [the party opposing consolidation] must point to some relevant evidence that it was

---

[1] The parties have not yet agreed on the scope of issues to be tried on April 19. It is MLBP's understanding that Upper Deck would like to bifurcate the trial and leave a trial on damages to a later date, but has not yet filed the required motion to do so. MLBP would oppose any motion to bifurcate the liability and damages phases of the trial for several significant reasons, not the least of which is that such bifurcation is contrary to the overarching purpose of consolidation, namely, to enable the parties to efficiently resolve all disputed issues within a single hearing, without needing to leave any issues to a later date. *Id.* at ¶ 7.

2

prevented from presenting because of the consolidation"; affirming consolidation order) (internal quotes omitted).

These principles warrant consolidation in this matter. In light of the limited number of issues in this litigation, the parties will have adequate time to prepare their cases if a preliminary injunction hearing and full trial on the merits is scheduled for April 19, 2010. *See* O'Rourke Decl., ¶ 9. Both parties are being afforded sufficient notice of consolidation, and neither party will be prevented from sufficiently presenting its case as part of that consolidated trial and hearing. *See id.* Accordingly, neither party will be prejudiced if Plaintiff's motion is granted. *See id.*

Because the preliminary injunction is based on the trademark/intellectual property-related breaches of contract and all of the remaining trademark/unfair competition-related claims, the evidentiary hearing at a preliminary injunction would be virtually the same as the evidentiary presentation at a final trial on the merits. The only additional evidence would relate to the non-trademark/intellectual property-related breaches of contract and plaintiff's monetary claims related to its breach of contract and trademark/unfair competition-related claims. Consolidation under these circumstances is plainly in the interests of judicial economy. *Id.* at ¶ 10; *see also Kiesinger v. Mexico Academy & Central School*, 56 Fed. Appx. 549, 549 (2d Cir. 2003) (recommending that district court consider consolidation of preliminary injunction hearing and full trial on merits "in the interests of judicial economy and in the interests of justice"). Indeed, courts have seen fit to order consolidation even as late as during the presentation of evidence at a preliminary injunction hearing. *See, e.g., Abraham Zion*, 761 F.2d at 99, 101; *see also* Fed. R. Civ. P. 65(a)(2) (stating that court may consolidate "after beginning the hearing on a motion for a preliminary injunction").

3

## CONCLUSION

For all of the foregoing reasons, MLBP respectfully requests that the Court grant its motion and order a consolidated preliminary injunction hearing and all phases of the full trial on the merits, to begin on April 19, 2010. In the alternative, if this Court denies this motion and does not order a consolidated preliminary injunction hearing and full trial on the merits to begin on April 19, 2010, Plaintiff respectfully requests that this Court order a non-consolidated preliminary injunction hearing to begin on March 17, 2010, which would provide adequate time for the parties to take the necessary discovery in advance of that hearing.

Dated: New York, New York
February 8, 2010

        PROSKAUER ROSE LLP

        By:     s/Brendan J. O'Rourke
            Brendan J. O'Rourke (BO-2351)
            Adam D. Siegartel (AS-6947)
            Alexander Kaplan (AK-4207)
            Patrick J. Dempsey (PD-8372)

        1585 Broadway
        New York, New York 10036
        (212) 969-3000
        borourke@proskauer.com

        *Attorneys for Plaintiff*
        *Major League Baseball Properties, Inc.*