UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAJOR LEAGUE BASEBALL PROPERTIES, INC.<br><br>Plaintiff,<br>v.<br><br>THE UPPER DECK COMPANY, LLC,<br><br>Defendant. | Case No. 1:10-cv-732 (RWS)<br>ECF Case<br><br>**DECLARATION OF BRENDAN J. O'ROURKE IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE PRELIMINARY INJUNCTION HEARING WITH FULL TRIAL ON THE MERITS PURSUANT TO FED R. CIV. P. 65(a)(2)** |

I, Brendan J. O'Rourke, declare as follows:

1. I am a partner at Proskauer Rose LLP, counsel to Plaintiff Major League Baseball Properties, Inc. ("MLBP").

2. I submit this declaration in support of MLBP's motion to consolidate a hearing on MLBP's motion for preliminary injunctive relief with a full trial on the merits.

## Background

3. On February 1, 2010, MLBP filed this action and a motion for a temporary restraining order.

4. On Wednesday, February 3, the Court set a hearing for February 10 on MLBP's motion for a preliminary injunction.

5. On Thursday, February 4, counsel for MLBP and Defendant The Upper Deck Company, LLC ("Upper Deck") engaged in discussions concerning the most efficient means to litigate the claims in this action and discussed the possibility of combining the preliminary injunction with a full trial on the merits in an expedited final trial under Fed. R. Civ. P. 65(a)(2).

The parties estimate that one week will be needed for that consolidated preliminary injunction hearing and full trial.

6. The parties requested a scheduling conference with the Court and appeared before the Court on February 5. At the scheduling conference, the Court offered three possible scenarios for the format and schedule under which this matter could proceed: (a) a preliminary injunction hearing commencing on February 10 or 11, 2010; (b) a preliminary injunction hearing commencing on March 17, 2010; or (c) a consolidated preliminary injunction hearing and full trial on the merits commencing on April 19, 2010, under Fed. R. Civ. P. 65(a)(2).

7. At the conclusion of the February 5 conference, the parties were able to agree to the Court's proposal for a consolidated preliminary injunction hearing and trial on the merits commencing on April 19, 2010. However, the parties have not yet agreed to the scope of the issues to be tried on April 19. It is MLBP's understanding that Upper Deck would like to bifurcate the trial and leave a trial on damages to a later date. MLBP would oppose any motion by Upper Deck to bifurcate the liability and damages phases of the trial for several significant reasons, not the least of which is that such bifurcation is contrary to the overarching purpose of consolidation, namely, to enable the parties to efficiently resolve all disputed issues within a single hearing without needing to leave any issues to a later date.

8. The parties also agreed that (a) if the consolidated trial commences on April 19, 2010, MLBP will not add as additional defendants in this action any of Upper Deck's distributors that are neither owned nor controlled by (i) Upper Deck, or (ii) any individual or entity that owns or controls Upper Deck; and (b) Upper Deck will not release its "Series 2 2010" set of baseball trading cards until, at least, the conclusion of the trial scheduled to commence on April 19, 2010.

### Consolidation Under Rule 65(a)(2)

9. In light of the limited number of issues in this matter, the parties will have adequate time to prepare their respective cases if a preliminary injunction hearing and full trial on the merits is scheduled for April 19, 2010. Both parties are being afforded sufficient notice of consolidation, and neither party will be prevented from sufficiently presenting its case as part of that consolidated trial and hearing. Accordingly, neither party will be prejudiced if Plaintiff's motion is granted.

10. Consolidation will also result in significant judicial economy, as the Court will need to hold only a single evidentiary proceeding, rather than two if a preliminary injunction hearing were to be followed by a full trial. Furthermore, because the preliminary injunction is based on the trademark/intellectual property-related breaches of contract and all of the remaining trademark/unfair competition-related claims, the evidentiary hearing at a preliminary injunction would be virtually the same as the evidentiary presentation at a final trial on the merits. The only additional evidence would relate to the non-trademark/intellectual property-related breaches of contract and plaintiff's monetary claims related to its breach of contract and trademark/unfair competition-related claims.

11. In the alternative, if this Court denies this motion and does not order a consolidated preliminary injunction hearing and full trial on the merits to begin on April 19, 2010, Plaintiff respectfully requests that this Court order a non-consolidated preliminary injunction hearing to begin on March 17, 2010. That would permit adequate time for the parties to take the necessary discovery in advance of that hearing.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 8, 2010 in New York, New York.

Brendan J. O'Rourke